IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LISA M. MEADOR and DAVID ALEXANDER ABADELLA,<br><br>     Plaintiffs,<br><br> vs.<br><br>MACY'S CORPORATE SERVICES, INC., A Foreign Profit Corporation; MACY'S WEST STORES, INC., a Foreign Profit Corporation, et al.<br><br>     Defendants. | CIVIL NO. 15-00115 ACK-KJM<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT MACY'S WEST STORES, INC.'S (1) SECOND MOTION FOR SANCTIONS AGAINST PLAINTIFFS FOR FAILURE TO RESPOND TO DISCOVERY, AND (2) THIRD MOTION FOR SANCTIONS AGAINST PLAINTIFFS FOR FAILURE TO RESPOND TO DISCOVERY, AND AGAINST PLAINTIFF LISA M. MEADOR FOR FAILURE TO ATTEND DEPOSITION |

**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART
AND DENY IN PART DEFENDANT MACY'S WEST STORES, INC.'S
(1) SECOND MOTION FOR SANCTIONS AGAINST PLAINTIFFS
FOR FAILURE TO RESPOND TO DISCOVERY, AND (2) THIRD
MOTION FOR SANCTIONS AGAINST PLAINTIFFS FOR FAILURE
TO RESPOND TO DISCOVERY, AND AGAINST PLAINTIFF
<u>LISA M. MEADOR FOR FAILURE TO ATTEND DEPOSITION</u>**

On June 29, 2016, Defendant Macy's West Stores, Inc. ("Macy's")

filed its Second Motion for Sanctions against Plaintiffs for Failure to Respond to

Discovery ("Second Motion for Sanctions"). *See* ECF No. 58. Plaintiffs Lisa M.

Meador and David Alexander Abadella ("Plaintiffs") did not file an Opposition. On July 29, 2016, Macy's filed a Third Motion for Sanctions against Plaintiffs for Failure to Respond to Discovery, and against Plaintiff Lisa M. Meador for Failure to Attend Deposition ("Third Motion for Sanctions").  *See* ECF No. 66.  Plaintiffs did not file an Opposition.  Macy's filed a Reply on August 15, 2016.  *See* ECF No. 71.

By request of Macy's counsel, the Court shortened time for hearing on Macy's Third Motion for Sanctions.  *See* ECF Nos. 68, 69.  The Court held a hearing on Macy's Second Motion for Sanctions and Third Motion for Sanctions on August 16, 2016 at 10:00 a.m.  *See* ECF No. 74.  Plaintiffs appeared *pro se* by telephone.  *Id.*  Patricia M. Napier, Esq. and Andrew K. Recktenwald appeared on behalf of Macy's.  *Id.*

After careful consideration of the Second Motion for Sanctions and the Third Motion for Sanctions, the supporting memorandum, the arguments of Macy's' counsel and Plaintiffs, and the record established in this action, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Macy's' Second Motion for Sanctions and Macy's Third Motion for Sanctions.

## BACKGROUND

Plaintiffs filed their Complaint against Macy's on February 6, 2015 in

the Circuit Court of the Second Circuit, State of Hawaii ("state court"). *See* ECF

No. 1-1. The Complaint alleges that Ms. Meador sustained multiple injuries at

Macy's Kahului, Hawaii, when she "slipped and fell resulting in her body striking

the hard surfaced-floor area." ECF No. 1-1 at 5; Compl. ¶ 10, 11. The Complaint

alleges that Ms. Meador's injuries are due to Macy's negligence and failure to

provide a safe walkway surface. *Id*.; Compl. ¶ 11-13. On April 6, 2015, Macy's

removed the case to this Court. ECF No. 1.

Over one year ago, on July 27, 2015, Macy's propounded the

following discovery requests on Plaintiffs through their attorneys (collectively

"Discovery Requests"): (1) Macy's' First Request for Production of Documents

and Things to Plaintiffs Lisa M. Meador and David Alexander Abadella ("Macy's'

First RPD"); (2) Macy's' Amended First Request for Answers to Interrogatories to

Plaintiff Lisa M. Meador ("Macy's' First Request for Answers to Ms. Meador");

(3) Macy's' Amended First Request for Answers to Interrogatories to Plaintiff

David Alexander Abadella ("Macy's' First Request for Answers to Mr.

Abadella"); and (4) Consents and Authorization to Disclose Employment

Information and Consents and Authorization to Disclose Protected Health

Information for both Lisa M. Meador and David Alexander Abadella ("Medical

and Employment Authorization Forms").

On September 8, 2015, Plaintiffs' then counsel moved the Court for

an order permitting counsel to withdraw as Plaintiffs' counsel. *See* ECF No. 25. After holding a hearing, the Court orally granted counsel's motion. *See* ECF No. 40. In its written Order perfecting counsel's withdrawal, the Court noted Plaintiffs' contact information and reminded Plaintiffs that they were personally responsible for keeping the Court informed of any changes to their contact information, and for understanding and complying with Court rules, orders, deadlines, and time limitations applicable to their claims against Macy's. ECF No. 42 at 3.

On February 26, 2016, Macy's filed a Motion to Compel Discovery for Plaintiffs' failure to respond to any of its Discovery Requests. *See* ECF No. 48-1. This Court granted Macy's Motion to Compel Discovery on February 26, 2016 ("February 26, 2016 Discovery Order"), and ordered Plaintiffs to provide discovery as requested by Macy's in its Discovery Requests. On April 7, 2016, Macy's filed a Motion for Sanctions against Plaintiffs for Failure to Respond to Discovery ("Motion for Sanctions"), moving this Court to impose terminating sanctions against Plaintiffs and to award Macy's' its attorneys' fees and costs for Plaintiffs' continued failure to respond to Macy's' Discovery Requests. ECF No. 48-1 at 3.

At the hearing on the Motion for Sanctions, this Court granted in part and denied in Part Macy's Motion to Compel Discovery. *See* ECF No 52. First,

this Court ordered Plaintiffs to fill out and return the Medical and Employment

Authorization Forms by May 24, 2016.  *Id*.  Second, this Court ordered Plaintiffs

to respond to Macy's Discovery Requests by May 31, 2016.  *Id*.  Finally, although

this Court denied Macy's' request to impose terminating sanctions against

Plaintiffs, this Court granted Macy's' request for attorneys' fees and costs.  *Id*.  In

its June 13, 2016 written order on Macy's' Motions for Sanctions ("June 13, 2016

Order"), this Court ordered Plaintiffs to pay Macy's $4,082.72 in attorneys' fees

and $6.80 in costs by July 13, 2016.  *See* ECF No. 55.  Plaintiffs filed a motion for

reconsideration of the June 13, 2016 Order, which this Court denied on August 9,

2016.  *See* ECF No. 70.

> On June 29, 2016, Macy's filed its Second Motion for Sanctions.  *See*

ECF No. 58.  On July 29, 2016, Macy's filed its Third Motion for Sanctions and an

*Ex Parte* Motion to Shorten Time for Hearing on its Third Motion for Sanctions

("*Ex Parte* Motion").  *See* ECF Nos. 66-67.  The Court granted Macy's *Ex Parte*

Motion and set a shortened briefing schedule on the Third Motion for Sanctions.

*See* ECF No. 68.  In addition, the Court stayed Macy's' expert disclosure deadline

and Macy's' dispositive motions deadline pending further order of the Court.  *Id*.

The Court further directed the parties "to immediately and substantively meet and

confer - either in person or by telephone" regarding Macy's' Second and Third

Motion for Sanctions, and any other outstanding discovery or scheduling issues.

*Id.* The Court ordered the parties to update the Court concerning the outcome of the meet and confer in their respective Opposition/Reply.  *Id.*

In Macy's Second Motion for Sanctions, Macy's asserts that Plaintiffs have once again failed to fully comply with their discovery obligations.  ECF No. 58-1 at 5.  Macy's contends that although Plaintiffs have provided Macy's their Medical and Employment Authorization Forms, Plaintiffs have not responded to Macy's First RPD nor has Mr. Abadella responded to Macy's' First Request for Answers to Mr. Abadella.  *Id.*  Macy's further contends that although Ms. Meador provided handwritten responses to Macy's' First Request for Answers to Ms. Meador, "many of her responses were incomplete and/or did not address the questions asked in the interrogatories."  *Id.* at 6.  Macy's asserts that Macy's' counsel e-mailed Plaintiffs requesting responses to the remaining outstanding discovery and requesting that Plaintiffs supplement their incomplete responses, but that as of the filing of the Second Motion for Sanctions, Plaintiffs have not responded.  *Id.*  Macy's thus argues that dismissal is an appropriate sanction for Plaintiffs' continued failure to comply with their discovery obligations and this Court's orders.  Macy's also requests that this Court award Macy's its attorneys' fees and costs based on Plaintiffs' failure to respond to Macy's Discovery Requests.

In Macy's' Third Motion for Sanctions, Macy's asserts that it noticed

6

Ms. Meador's deposition in Maui, where Ms. Meador resides, for July 22, 2016.

ECF No. 66-1 at 6. Macy's contends that it sent copies of the deposition notice to

Ms. Meador via United States mail and via e-mail. *Id*. *See also* ECF No. 66-2 at

2; Declaration ("Decl.") of Patricia Napier ¶ 5. Macy's states that it sent Ms.

Meador an email again on July 21, 2016, reminding Ms. Meador that the

deposition was scheduled for the following day, and providing Ms. Meador with

parking instructions for the location the deposition was scheduled to take place. *Id*.

*See also* Decl. of Patricia Napier ¶ 8. Ms. Meador failed to appear for the

deposition. *Id*. Macy's again requests that this Court impose terminating sanctions

against Plaintiffs, dismiss Plaintiffs' claims, and award Macy's its attorneys' fees

and costs associated with Ms. Meador's failure to attend the July 22, 2016

deposition. *Id*. at 7, 20.

Although Plaintiffs did not file an Opposition to the Third Motion for

Sanctions, Macy's submitted a Reply on the Third Motion for Sanctions to comply

with this Court's August 1, 2016 Order that the parties update the Court on their

meet and confer. *See* ECF No. 71. In its Reply, Macy's asserts that when Macy's'

counsel was able to communicate with Ms. Meador via telephone, Ms. Meador

stated that she was unaware of her deposition and that she had been experiencing

difficulties receiving mail and that she was not getting all of her emails. *Id*. at 5.

Macy's further details the parties' discussion, which comprised of: (1) Macy's

reminding Ms. Meador of her outstanding discovery obligations to Macy's; (2) Ms. Meador's acknowledgement that she had not yet fully responded to Macy's' Discovery Requests, including her obligation to submit amended answers to Macy's' First Request for Answers to Ms. Meador and a corrected notarized verification page for Macy's' First Request for Answers; and (3) Ms. Meador's statements of the reasons she was unable to produce documents and answers responsive to Macy's' Discovery Requests.  *Id*. at 6-8.

In addition, Macy's contends that Ms. Meador asked Macy's counsel to send Macy's' First RPD again to Ms. Meador via email, which Macy's contends it did after the telephonic meet and confer.  *Id*. at 9.  According to Macy's, Plaintiffs had not complied with their discovery obligations as of the filing of Macy's' Reply in the following ways:

1) Meador has not submitted a corrected verification page for her Answers to Interrogatories to Macy's.  *See* NaPier Decl., ¶ 15.

2) Meador also has not supplemented her Answers to Interrogatories as requested by Macy's' counsel, and as she agreed to do in the meet and confer.  Meador said she would bring the supplemental Answers to Interrogatories to her deposition, which was to take place during the week of August 8-12. *See id.* at ¶ 16.

3) Meador failed to appear for her properly noticed deposition on Maui on July 22, 2016. She subsequently failed to provide Macy's with a date during the week of August 8, 2016 for her deposition, although she agreed to do so during the meet and confer.  *See id*. at ¶ 17

4) Plaintiffs still have not provided Macy's with their response to Macy's' First Request for Production of Documents and Things to Plaintiffs, which was served on them over a year ago, nor have they produced any documents pursuant to that Request, despite several Court orders directing them to do so. *See id*. at ¶ 18.

5) Abadella has not provided his answers to Macy's' Amended First Request for Answers to Interrogatories to Abadella, which was served on August 28, 2015, nearly one year ago. *See id*. at ¶ 19.

6) Plaintiffs did not file an Opposition to either the Second Motion for Sanctions or the Third Motion for Sanctions, despite the Court's Order directing each party to update the Court concerning the outcome of the meet and confer via its "respective Opposition/ Reply[.]" *See* Dkt. 68 at 2.  The Court's Order had granted Plaintiffs leave to fax their Opposition to the Third Motion for Sanctions to the Court.  *See id*.

ECF No. 71 at 11-12.

On August 15, 2016, Ms. Meador sent an email to Macy's' counsel and this Court's orders inbox, which stated: "Per your request here is yet another copy of the Notarized Interrogatories and Authorizations (5th time sending).  A Hard Copy was sent in the mail."  The document attached to the email purports to be written responses to Macy's' First Request for Answers to Ms. Meador with a "Verification" page executed on August 15, 2016.  At the hearing, however, Macy's' counsel asserted that these responses were different from Ms. Meador's previous answers to Macy's' First Request for Answers to Ms. Meador, which answers still had not been properly notarized.

On August 18, 2016, Michael P. Healy, Esq. filed a Notice of

Appearance as counsel for Ms. Meador.  *See* ECF No. 75.  Mr. Healy attended and

observed the August 16th hearing on these issues, but upon direct questioning from

the Court, Mr. Healy stated that he had not yet agreed to represent Plaintiffs in this

action.

## DISCUSSION

## I.  A CASE DISPOSITIVE SANCTION UNDER RULE 37(B)(2) IS JUST

Plaintiffs' repeated failure to comply with this Court's orders to meet

their discovery obligations and Ms. Meador's failure to attend her properly noticed

deposition are subject to sanctions under Federal Rule of Civil Procedure 37,

including terminating sanctions.  *See* Fed. R. Civ. P. Rule 37(d) and 37(b)(2)(A)(i)-

(vi).  Courts generally have wide discretion to impose discovery sanctions,

including "dismissing the action or proceeding in whole or part."  Fed. R. Civ. P.

37(b)(2)(A)(v).  The court's discretion to impose terminating sanctions, however,

is narrower than its discretion to impose other lesser discovery sanctions.

*Williamson v. Hawaii*, No. CIV. 14-00001HG-RLP, 2014 WL 7642094, at *1 (D.

Haw. Dec. 30, 2014), *adopted by*, 2015 WL 224714 (D. Haw. Jan. 15, 2015).

Only "willfulness, bad faith, and fault" justify terminating sanctions.  *Connecticut*

*Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.

2007).

The Ninth Circuit has constructed a five part test to determine whether

a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions;" (4) "the availability of less drastic sanctions," including whether "the court has considered lesser sanctions," whether it has tried the lesser sanctions, and "whether it has warned the recalcitrant party about the possibility of case-dispositive sanctions"; and (5) "the public policy favoring disposition of cases on their merits." *Id.* This multi-factor test is not mechanical; rather, it "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Id.* (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Notably, the most critical factor in deciding whether to impose case-dispositive sanctions is not merely delay or docket management concerns; the most crucial factor is truth, namely, "whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Id.* (citation omitted) (internal quotation omitted).

In this case, the record amply supports a case-dispositive sanction. Without any defensible justification, Plaintiffs have willfully and contumaciously refused to fulfill their discovery obligations under the Federal Rules of Civil Procedure and to comply with this Court's orders regarding the same. Accordingly, based on the factors considered by this Court as further discussed

below, the Court FINDS and RECOMMENDS that the district court impose

terminating sanctions on Plaintiffs.

A.    The Public's Interest in Expeditious Resolution of Litigation and the Court's
      Need to Manage Its Dockets

"Courts do not take failures to comply with Court orders . . . lightly."

*Alston-Haririchian v. EMC Mortg. Corp.*, No. CIV. 14-0041 LEK-KSC, 2015 WL

4771073, at *1 (D. Haw. Aug. 11, 2015).  "A district court's finding that one of its

orders was violated is entitled to considerable weight because a district judge is

best equipped to assess the circumstances of the non-compliance."  *Id.* (internal

quotations omitted) (citations omitted).  Where a court order is violated, the first

two factors—the public's interest in expeditious resolution of litigation and the

court's need to manage its dockets—support sanctions.  *Payne v. Exxon Corp.*, 121

F.3d 503, 507 (9th Cir. 1997).

Here, the Court finds that Plaintiffs have twice violated this Court's

orders compelling Plaintiffs to produce responsive documents and answers to

Macy's' Discovery Requests.  Accordingly, as further discussed below, this Court

finds that the first two factors support imposing terminating sanctions on Plaintiffs.

*See Calloway v. Hayward*, No. 14-15659, 2016 WL 3157298, at *1 (9th Cir. June

6, 2016) ("The second factor—the court's need to manage its docket—is 'usually

reviewed in conjunction with the public's interest in expeditious resolution of

litigation.'") (citing *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994)).

1.  Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Here, it has been over a year since Macy's first propounded its Discovery Requests on Plaintiffs.  Macy's has filed three motions on the same discovery issues it has been contending with since discovery began.  *See* ECF Nos. 44, 48, 58.  Neither this Court's February 26, 2016 Order nor this Court's June 13, 2016 Order compelling Plaintiffs to produce responsive documents and answers have motivated Plaintiffs to completely respond to Macy's' Discovery requests.  Macy's is still awaiting relevant documents and complete responses to their Discovery Requests a year after propounding them.

In addition, Plaintiffs' continued failure to participate in discovery necessitated that this Court stay the expert disclosure deadline and the dispositive motions deadlines to properly manage the discovery issues in the case.  Plaintiffs' conduct in this case with respect to discovery has impeded the expeditious resolution of this case.  Accordingly, this Court finds that this factor weighs in favor of imposing terminating sanctions.

2.  The Court's Need to Manage Its Docket

"It is incumbent upon the Court to manage its docket without being

subject to routine noncompliance of litigants[.]" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  For the past six months, much of the time expended by this Court on this case has been focused on Plaintiffs' refusal to participate in discovery.  After two orders from this Court compelling Plaintiffs to fully participate in discovery, this Court is yet again faced with two more motions for sanctions because Plaintiffs have still not complied with the Court's two previous orders and because Ms. Meador failed to appear for her properly noticed deposition.

"The Court, not Plaintiffs, should control the pace of the docket." *Alston-Haririchian v. EMC Mortg. Corp.*, No. CIV. 14-0041 LEK-KSC, 2015 WL 4771073, at *2 (D. Haw. Aug. 11, 2015).  The record amply reflects that this Court has been subjected enough to Plaintiffs' noncompliance of this Court's orders, rules, and deadlines.  Accordingly, this factor weighs in favor of imposing terminating sanctions on Plaintiffs.

B.      Risk of Prejudice and Less Drastic Sanctions

What is most critical for case-dispositive sanctions regarding the third and fourth factors—risk of prejudice and the availability of less drastic sanctions— is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Valley Eng'rs Inc.*, 158 F.3d at 1057 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).  "Where a party so damages the

integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Id.* at 1058. Here, the Court finds that Plaintiffs' repeated discovery violations has so damaged the integrity of the discovery process that this Court cannot be assured of proceeding on the true facts, and thus, Plaintiffs' conduct interferes with the rightful decision of this case.

    1.  Risk of Prejudice to Macy's

        "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642.  Delay alone is insufficient prejudice to warrant a terminating sanction; however, repeated failures to comply with court-ordered production of documents or appear at a scheduled deposition constitute an interference with the rightful decision of a case.  *See Adriana Int'l Corp.*, 913 F.2d 1412 (9th Cir. 1990) (holding that plaintiff's repeated failure to appear at scheduled dispositions compounded by its continuing refusal to comply with court-ordered production of documents constituted an interference with the rightful decision of the case); *Matus v. Manfredi*, No. CV F 05-1384 LJO (NEW) WMW, 2007 WL 587226, at *4 (E.D. Cal. Feb. 23, 2007) (holding that plaintiff made "no attempt to demonstrate that responding to defendants' basic discovery was beyond his control," appeared "content to rest on

his . . . unsatisfactory responses," and failed to "substantiate continuing delay and obstruction to defendants' legitimate discovery"; thus, such inaction interfered with the rightful decision of the case).

Here, as discussed above, Plaintiffs have now twice failed to comply with this Court's orders to provide documents and answers responsive to Macy's' Discovery Requests.  In addition, Macy's has been forced to incur considerable expense and time because of Ms. Meador's failure to appear for her deposition. The Court finds that Plaintiffs' actions amount to interference with the rightful decision of the case; thus, Macy's has established prejudice.  *See e.g. Williamson*, 2014 WL 7642094, at *2 (finding that defendants had established prejudice because plaintiff's failure to appear for his deposition amounted to interference with the rightful decision of the case).  Accordingly, this factor weighs in favor of imposing terminating sanctions on Plaintiffs.

2.  The Availability of Less Drastic Sanctions

This Court's imposition of less drastic sanctions in its June 13, 2016 Order was patently ineffective.  The Court ordered Plaintiffs to respond to Macy's Discovery Requests no later than May 31, 2016, and to pay Macy's $4,082.72 in attorneys' fees and $6.80 in costs related to Plaintiffs' failure to comply with Court's February 26, 2016 Discovery Order.  To date, Plaintiffs have still not fully complied with the Court's June 13, 2016 Order, including paying Macy's the

attorneys' fees and costs ordered by this Court.  *See* ECF No. 66-2 at 1; Decl. of Patricia M. Napier ¶ 2.  The imposition of a monetary sanction did nothing to deter Plaintiffs from engaging in further bad conduct with respect to discovery as evidenced by Ms. Meador's failure to appear at her properly noticed deposition and Plaintiffs' failure to participate in discovery.

In addition, this Court's June 13, 2016 Order gave Plaintiffs sufficient notice that any willfulness, fault, or bad faith on Plaintiffs' part could warrant terminating sanctions.  *See* ECF No. No. 55 at 4.  The Court explained that Plaintiffs' *pro se* status did not exempt Plaintiffs from federal discovery rules.  The Court further explained that "Rule 37 sanctions may be applied to pro se litigants no less than to those represented by counsel."  ECF No. 70 at 9 (citing *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014)).   Accordingly, this Court has provided Plaintiffs sufficient notice of the possibility of a case-dispositive sanction.

Plaintiffs' failure to comply with the Court's (i) previous orders imposing lesser sanctions, and (ii) warnings to Plaintiffs that they were obligated to comply with court orders or be subject to Rule 37 sanctions, interferes with the rightful decision of this case.  Accordingly, the Court finds that this factor weighs in favor of imposing terminating sanctions on Plaintiffs.

C.    The Public Policy Favoring Disposition of Cases on Their Merits

"[P]ublic policy favoring disposition of cases on their merits strongly

counsels against dismissal." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."  *Id*. The Ninth Circuit has recognized this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id*.  *See e.g., In re the EXXON VALDEZ*, 102 F.3d 429, 433 (9th Cir. 1996) (noting that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (observing the plaintiffs' responsibility to move toward disposition on the merits).

> Here, Plaintiffs have not presented any justifiable reasons for their failure to comply with this Court's February 26, 2016 Discovery Order or this Court's June 13, 2016 Order.  Plaintiffs attribute much of their failure to comply with discovery and attend the properly noticed deposition to their mail service and their email.  Plaintiffs repeatedly represent that they have not been receiving some of the mail or e-mails sent by Macy's.

> This Court has explicitly stressed the importance of maintaining communication with Macy's and the Court.  When the Court granted Plaintiffs' then counsel's Motion to Withdraw as Plaintiffs' legal counsel, the Court discussed

with Plaintiffs' during the hearing Plaintiffs' contact information for service of

court pleadings and other matters relating to this action, and also detailed their

contact information in its subsequently issued written December 31, 2015 Order.

*See* ECF No. 42 at 3.  The December 31, 2015 Order included Plaintiffs' mailing

address and Ms. Meador's email address.  *See* ECF No. 42.  In this Order, the

Court warned Plaintiffs that they were personally responsible for keeping the Court

and other parties of any changes to their contact information and for complying

with Court orders and deadlines:

> Plaintiffs are reminded and cautioned that to avoid any
> prejudice and/or barring of their rights and claims they are
> personally responsible for: a) keeping the court and other
> parties informed at all times as to their whereabouts including
> any changes to contact information noted above; and b)
> understanding and complying with any and all Court rules,
> orders, deadlines and time limitations applicable to this action
> and/or established by the Court.

ECF No. 42 at 3.

Notwithstanding the Court's caution, Plaintiffs have not demonstrated

any desire to remedy their alleged ongoing communication issues, nor have they

presented any viable solutions to rectify the issues going forward.  Plaintiffs'

failure to comply with deadlines and discovery obligations has so stalled and

unreasonably delayed this case that it cannot move forward to resolution on the

merits.  As such, the Court is compelled to find that Plaintiffs have willfully and in

bad faith impeded the progress of this case toward disposition on the merits.

Accordingly, this factor "lends little support" to Plaintiffs, whose responsibility it

is to move this case forward.  *See e.g. Apostol v. Vilsack*, No. C 09-1807-MEJ,

2010 WL 1854645, at *6 (N.D. Cal. Mar. 6, 2010) (finding that the public policy

favoring resolution of disputes on the merits did not outweigh plaintiff's failure to

provide discovery or comply with court orders because it was plaintiff's

responsibility to move toward disposition at a reasonable pace).

       The Court has considered each of the five factors used in this circuit

for deciding whether a sanction of dismissal is appropriate.  Taking all of the above

factors into account, the Court finds that terminating sanctions is appropriate.  In

addition, the Court finds that Plaintiffs' repeated noncompliance with this Court's

orders and their unwillingness to resolve their alleged mail and email problems are

due to willfulness, fault, and bad faith.  Accordingly, the Court FINDS and

RECOMMENDS that the district court GRANT Macy's' request for terminating

sanctions and dismiss this action.

## II.  MACY'S' ATTORNEYS' FEES AND COSTS

       Macy's also requests a total of $20,127.40 in attorneys' fees and costs

incurred in attempting to obtain discovery responses from Plaintiffs, and for the

attorneys' fees and costs Macy's incurred in connection with Ms. Meador's July

22, 2016 deposition.  *See* ECF No. 72-73.  Rule 37(b)(2)(C) provides that if a party

fails to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  In light of this Court's recommendation to dismiss the entire action, the Court finds that awarding monetary sanctions in addition to terminating sanctions would be unjust.  Accordingly, the Court FINDS and RECOMMENDS that the district court DENY Macy's' request for attorneys' fees and costs.

Notwithstanding this Court's recommendation that the district court deny Macy's' attorneys' fees and costs in connection with its Second Motion for Sanctions and Third Motions for Sanctions, the Court emphasizes to Plaintiffs that Plaintiffs are nonetheless required to pay Macy's $4,082.72 in attorneys' fees and $6.80 in costs pursuant to its June 13, 2016 Order.  *See* ECF No. 55.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS as follows:

(1) The district court GRANT Macy's' request for terminating sanctions and dismiss this action.

(2) The district court DENY Macy's request for attorneys' fees and

costs in connection with its Second Motion for Sanctions against Plaintiffs for

Failure to Respond to Discovery and Third Motion for Sanctions against Plaintiffs

for Failure to Respond to Discovery.

IT IS SO FOUND AND RECOMMENDED.

DATED:     Honolulu, Hawai'i, August 25, 2016.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Lisa M. Meador, et al. v. Macy's Corporate Services, Inc. and Macy's West Stores, Inc., et al.,*
CV 15-00115 ACK-KJM; Findings and Recommendations to Grant in Part and Deny in Part
Defendant Macy's West Stores, Inc.'s (1) Second Motion for Sanctions against Plaintiffs for
Failure to Respond to Discovery, and (2) Third Motion for Sanctions against Plaintiffs for
Failure to Respond to Discovery, and against Plaintiff Lisa M. Meador for Failure to Attend
Deposition